Mathew K. Higbee (UT Bar No. 11133)
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
Telephone: (714) 617-8349
Facsimile: (714) 597-6559
mhigbee@higbee.law

*Attorney for Plaintiff, Tamara Williams.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS, <br><br>                     Plaintiff, <br><br> v. <br><br> TWIST ME PRETTY, LLC a Utah limited liability company; and DOES 1 through 10, inclusive, <br><br>                     Defendant(s). | Case No.: 2:24-cv-235 <br><br> **COMPLAINT FOR:** <br><br> **COPYRIGHT INFRINGEMENT (17 U.S.C. § 501);** <br><br> **JURY DEMANDED** |

**COMPLAINT**

Plaintiff, Tamara Williams, Inc. ("Williams"), complains against Defendants, Twist Me Pretty ("Defendant" or "TMP") and DOES 1 through 10 inclusive (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief against Peterson for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*.

2. This Court has subject matter jurisdiction under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*; 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §§ 1338(a) (copyright).

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 28 U.S.C. § 1400(a) in that is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, Defendant resides in or can be found in this district, Defendant conducts regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## THE PARTIES

4. Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer.

5. Defendant Twist Me Pretty LLC is a limited liability company incorporated in the State of Utah with a principal place of business at 945 West Arabian Circle Kaysville, UT 84037.

6. TMP has one or more offices and employees in Utah, has conducted regular and substantial business throughout Utah including this judicial district, and has transacted business with many individuals or businesses residing throughout Utah including this judicial district.

7. The true names and capacities of Defendants DOES 1 through 10, inclusive, are presently unknown to Plaintiff, and for that reason, sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is

responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously-named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendant named in this caption.

## STATEMENT OF FACTS

### *Plaintiff Tamara Williams*

9. Plaintiff Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean model portraiture featured on her highly popular Instagram account @tamarawilliams, previously @tamarawilliams1, which has over 600,000 followers.

10. Williams' work has been featured in top publication such as *Vogue, Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty* and *Benefit*.

11. Williams is the author and exclusive rights holder to an original close up beauty photograph of a model named Audreyana (the "Beauty Photograph").

12. Williams' Beauty Photograph as originally published contained included a watermark "@tamarawilliams1" ("Plaintiff's Watermark") referencing Williams' Instagram account.

13. A true and correct copy of Williams' Beauty Photograph, which includes Plaintiff's Watermark is attached hereto as Exhibit A.

14. Williams registered the Beauty Photograph with the United States Copyright Office under registration number VA 2-130-596, with an effective registration date of December 13, 2018.

15. A true and correct copy of registration certificate VA 2-130-596 is attached hereto as Exhibit B.

### *Defendant Twist Me Pretty LLC*

16. Defendant Twist Me Pretty is a popular online beauty, fashion and lifestyle brand that promotes various products and services through video tutorial and promotional posts. As part of its business model, Defendant often provides direct links to shop product for the products recommended in individual posts and tutorials, as well as links to Defendant's amazon storefront, which indicates that Defendant "earns commissions" on the products listed on that page https://www.amazon.com/shop/twistmepretty. *See generally* https://www.twistmepretty.com/about-2/.

17. On information and belief, Defendant is the owner, manager, and operator of the website https://www.twistmepretty.com ("Defendant's Website") which contains hundreds of post promoting specific beauty, fashion, hair, and lifestyle products as well extensive third party pop-up advertisements.

18. On information and belief, Defendant's Website generates content that promotes its products, services, and to attract user traffic to Defendant's commercial website and generate business for the company.

19. At all relevant times, Defendant's Website was readily accessible to the general public throughout Utah, the United States, and the world.

20. On information and belief, Defendant is the owner, manager and operator of a commercial Pinterest page which is created to promote Defendant's products and services, attract social media followers and user traffic to Defendant's Website, and generate profit and revenue for the company and its owners(s) and links directly to Defendant's Website. ("Defendant's Pinterest") *See* https://www.pinterest.com/twistmepretty/

21. On information and belief, Defendant's Pinterest generates content that promotes its products, services, and to attract user traffic to Defendant's Website and generate business for the company.

22. At all relevant times, Defendant's Pinterest was readily accessible to the general public throughout Utah, the United States, and the world.

23. On information and belief, Defendant TMP is and was at all relevant times the manger, operator, and owner of the @twistmepretty Instagram page which has over 55,000 followers ("Defendant's Instagram").

24. On information and belief, Defendant's Instagram generates content that promotes its products, services, and to attract user traffic to Defendant's commercial website and generate business for the company.

25. At all relevant times, Defendant's Instagram was readily accessible to the general public throughout Utah, the United States, and the world.

### *Defendant's Infringing Conduct*

26. On or about January 23, 2023, Williams discovered that TMP used the Beauty Photograph, with the Plaintiff's Watermark, in a post on Defendant's Pinterest titled "Easy Valentine's Makeup Tutorial + bold lip and poppin' highlight" ("Pinterest Post").

27. A true and correct screenshot of the Beauty Photograph with Plaintiff's Watermark on Defendant's Pinterest is attached hereto as Exhibit C.

28. The Pinterest Post directly linked to Defendant's Website in such a way that when a Pinterest user would click on the Beauty Photograph, they would be directly taken to Defendant's Website.

29. On or about January 23, 2023, Williams discovered the Beauty Photograph, with Plaintiff's Watermark had also been used on Defendant's Website in a post titled "Easy Valentine's Makeup Tutorial + bold lip and poppin' highlight" ("Website Post").

30. A true and correct copy of the Beauty Photograph on Defendant's Website is attached hereto as Exhibit D.

**COMPLAINT**

5

31. Shortly after discovering the Beauty Photograph in the Pinterest Post and the Website Post, Plaintiff, via counsel, reached out to Defendant to have the Beauty Photograph removed and to be compensated for the use of her Beauty Photograph, but the parties were unable to come to a resolution.

32. On or about March 19, 2024, Williams, via counsel, discovered her Beauty Photograph, with Plaintiff's Watermark, being used on the Defendant's Instagram in a "story" post that was permanently pinned to the top of Defendant's Instagram, in a post promoting a Valentine's Day Makeup Tutorial and directly linking users to Defendant's Website ("Instagram Post").

33. A true and correct copy of the Beauty Photograph on Defendant's Instagram is attached hereto as Exhibit E.

34. Despite being notified by Plaintiff that Defendant did not have permission to use the Beauty Photograph, Defendant failed to remove the Beauty Photograph from Defendant's Instagram.

35. The Pinterest Post, the Website Post, and the Instagram Post shall collectively be referred to as the "Infringing Posts".

36. Williams has never at any point given TMP a license or other permission to copy, display, distribute, or otherwise use the Beauty Photograph in the Infringing Posts on Defendant's Pinterest, Defendant's Website, or Defendant's Instagram.

Williams is informed and believes that the purpose of the use of the Beauty Photograph on Defendant's Pinterest, Defendant's Website, or Defendant's Instagram was to promote and encourage sales of the products that Defendant was recommending by providing a high-quality, professionally-produced photograph to assist the viewer in visualizing the results that could be achieved by using the recommended products, as well as to assist with getting traffic to Defendant's Website.

37. Williams is informed and believes Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) used, displayed, published, and otherwise held out to the public Williams' original and unique Beauty

Photograph for commercial benefit in order to acquire a direct financial benefit, through revenue from the sales of the recommended products and/or via the banner advertisements directly on the webpage of Defendant's Website from use of the Beauty Photograph.

38. TMP (including its employees, agents, contractors, or others over whom it has responsibility and control) copied and uploaded the Beauty Photograph to Defendant's Website, Defendant's Pinterest, and Defendant's Instagram without Williams' consent.

39. On information and belief, Defendant's use of the Beauty Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Beauty Photograph as the Beauty Photograph contained Plaintiff's Watermark, indicating who the copyright holder is and therefore who to seek permission from for use of the Beauty Photograph. Further, Defendant continued to use the Beauty Photograph on Defendant's Instagram despite notification that Defendant's use of the Beauty Photograph was unauthorized.

## CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501)

40. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of the unique and original Beauty Photographs.

41. Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon the copyrighted Beauty Photographs in violation of Title 17 of the U.S. Code, in that it used, copied, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Beauty Photographs without Plaintiff's consent or authority, by using it in the Infringing Posts on Defendant's Website, Defendant's Pinterest, and Defendant's Instagram. .

42. As a result of Defendant(s)' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

43. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's

fees and costs pursuant to 17 U.S.C § 505 from Defendant.

44. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

WHEREFORE, Williams requests judgment against Defendants as follows:

1. For a finding that Defendant infringed Plaintiff's copyright interest in the Beauty Photographs by copying and displaying it for commercial purposes without a license or consent;

2. For an award of actual damages and disgorgement of all of Defendant(s)' profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant(s) in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

3. For an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any Plaintiff's copyrighted works;

4. For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505

5. For pre- and post- judgment interests as permitted by law; and

6. For any such other and further relief as the Court may deem just and appropriate.

Dated:  March 29, 2024

Respectfully submitted,

**/s/ Mathew K. Higbee**

Mathew K. Higbee, Esq.
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705
Telephone:  (714) 617-8349
Facsimile: (714) 597-6559
mhigbee@higbee.law

## DEMAND FOR JURY TRIAL

Tamara Williams hereby demands trial by jury of all issues so triable under the law.

Dated:  March 29, 2024	Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705
Telephone:   (714) 617-8349
Facsimile: (714) 597-6559
mhigbee@higbee.law